UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20336-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

SUSAN SOCAS,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

<u>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**</u>

Presently pending before the Court is Plaintiff's Motion For Protective Order and To Quash Subpoena For Records Without Deposition (DE ## 23, 24). Pursuant to the consent of the parties, this case is referred to the undersigned Magistrate Judge for final disposition (DE # 13). This motion has been fully briefed (DE ## 26, 27). On July 26, 2007, the undersigned held a hearing on the motion. All rulings made orally at the hearing are incorporated in this Order. For the reasons stated on the record at the hearing, Plaintiff's motion is denied.

    I. <u>Background</u>

Plaintiff is proceeding under a one-count Complaint alleging breach of contract. In the Complaint, Plaintiff alleges that she purchased five disability income insurance policies from Defendant from 1989 through 1991. Plaintiff claims that she was in an automobile accident in September 1995, and that since that time, she has been disabled from practicing dentistry. Plaintiff also alleges that since July 1, 1996, she has been working part-time as a teacher and administrator at the University of Florida College of Dentistry Clinic in Hialeah. Plaintiff claims that Defendant has improperly refuses to pay

her total disability payments for the period from October 13, 1995 to the present (DE # 1).

The instant motion follows.

II. The Parties' Positions

Plaintiff moves for a protective order and to quash a subpoena for deposition duces tecum served on non-party Bank of America Home Financing Department which seeks information relating to Plaintiff's home mortgage and other personal financial information. Plaintiff claims that the documents requested are not relevant to whether Defendant breached its contracts with Plaintiff in that information about Plaintiff's financial condition has no bearing on whether Plaintiff is disabled under the terms of the disability insurance policies at issue here. Plaintiff also contends that it would be reversible error to admit the requested financial information at trial (DE # 23).[1]

Defendant responds that: 1) the time to object to the subpoena expired before Plaintiff filed the instant motion; 2) Plaintiff lacks standing to object to the subpoena; and 3) the documents sought are properly discoverable because they are reasonably calculated to lead to the discovery of admissible evidence, i.e., what Plaintiff told Bank of America about her income during the alleged period of her disability (DE # 26).

Plaintiff replies that: 1) she timely filed her initial motion for protective order; 2) she has standing to challenge the subpoena of her personal financial information; and 3) all of the financial information requested should not be produced because it is includes information which is not relevant to whether Plaintiff was disabled during the claimed period. If this Court denies the motion for protective order, Plaintiff asks the Court, in the alternative, to significantly narrow the scope of the requests to include only

---

[1] On May 31, 2007, the undersigned denied without prejudice Plaintiff's motion for protective order (DE # 19), for failure to comply with the Local Rules (DE # 21).

documents which speak to Plaintiff's actual work activity (DE # 27).

    III.  <u>Analysis</u>

    A.  <u>Plaintiff Timely Filed The Instant Motion</u>

At the hearing, the undersigned rejected Defendant's contention that the motion should be denied as untimely filed, in that Plaintiff timely filed the instant motion within 30 days after this Court denied without prejudice her initial motion for protective order.

    B.  <u>The Information Sought is Relevant and Discoverable</u>

Plaintiff's motion is denied.  The undersigned finds that the documents requested by the subpoena are discoverable, as the information contained in the documents is reasonably calculated to lead to the discovery of admissible evidence regarding whether Plaintiff was disabled during the period claimed.  The mortgage application information requested here, for example, is relevant to ascertain what Plaintiff told the bank about her income and what portion of her income came from practicing dentistry in 2001 and 2002, a period during which she claims she was disabled.

The undersigned is unable to narrow the request.  Plaintiff's counsel was unable to state when asked at the hearing in what manner Plaintiff is unable to perform her principal duties as a dentist.  Moreover, aside from the mortgage applications at issue, Plaintiff's counsel was unable to state at the hearing whether Plaintiff has or had any other financial relationship with the Bank of America.

However, the subpoenaed documents are confidential, and Defendant must not share them with or divulge them to anyone not associated with this litigation.

Therefore, for the reasons stated on the record at the hearing, it is hereby

    **ORDERED AND ADJUDGED** that Plaintiff's Motion For Protective Order and To Quash Subpoena For Records Without Deposition (DE ## 23, 24), is **DENIED**.  Defendant

must not share or divulge the information obtained from Bank of America with anyone not associated with this litigation. Defendant must also provide Plaintiff's counsel with copies of all documents produced pursuant to the subpoena. Plaintiff may seek further protection with respect to either the documents produced in response to this subpoena or documents sought to be produced pursuant to any follow-up request, after Plaintiff attempts to resolve the issue with opposing counsel.

**DONE AND ORDERED** in chambers in Miami, Florida, on July 26, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record