UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20336-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

SUSAN F. SOCAS,

    Plaintiff,

v.

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This cause came before the Court on Plaintiff's Motion for Protective Order (DE # 37) and to Quash Subpoena for Records (DE # 38). Defendant responded (DE # 44) and Plaintiff replied (DE # 46). Following a review of the record and the reasons stated herein, Plaintiff's motion for a protective order is **DENIED**.

I.    **BACKGROUND**

Plaintiff, Susan Socas, M.D., initiated this action when she sued her insurer, Northwestern Mutual Life Insurance Company ("Northwestern") for disability benefits (DE # 1). According to the complaint, Dr. Socas was running her own dental practice when she was involved in a car accident in September 1995 (DE # 1). While Plaintiff asserts that she suffers from total disability as that term is used in the parties' insurance contract, Defendant argues that she is unable to establish even partial disability and, therefore, her claim is without merit. In furtherance of its defense, Northwestern served subpoenas on non-parties SunTrust Bank and Merrill Lynch ("Banks"), seeking the

production of Plaintiff's financial records, which Plaintiff resisted by filing the instant motion.

II.     LEGAL STANDARD

The legal standards governing this dispute are well-settled and, for the purposes of the present motion, it is not necessary to stray far from the plain text of Federal Rule of Civil Procedure 26, which permits discovery among party litigants of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The scope of relevant information under the Federal Rules is, of course, expansive, and includes any information "reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, relevant information may be shielded from discovery if it is shown that a discovery request would subject a party to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

III.    ANALYSIS

First, Plaintiff disputes the relevance of the instant discovery requests head-on in her initial motion. She argues that the material Defendant requested from the Banks "can[n]ot possibly lead to the discovery of admissible evidence and is completely irrelevant to whether Northwestern breached its contract with Dr. Socas" or whether "Dr. Socas is disabled under the terms of the [insurance] policy" (DE # 37 at 4). Defendant, citing a previous Order issued by this Court, argues that Dr. Socas' financial records are clearly relevant (DE # 31), as Dr. Socas' ability to earn income from her dentistry practice tends to prove whether Dr. Socas was, in fact, disabled during the alleged disability period (DE # 44 at 6).

There is no question that Defendant is entitled to discover materials that would indicate – or at least suggest – whether Plaintiff was able to perform the principal duties

of her occupation during the period of time in which she claims she could not work and was, therefore, entitled to disability benefits. Plaintiff frames the issues at play too narrowly when she contends that the only relevant matter in this case concerns "Dr. Socas' ability to perform her occupation that is insured, [but] not her ability to earn income" (DE # 37 at 4). Plaintiff neglects to mention that her ability to earn income may be indicative of her ability to perform her occupation. To be sure, Plaintiff may earn her income in a way that does not require her to perform her occupation, but that is an issue to be hammered out at trial, not discovery.

Plaintiff next argues, as she did in her previously-filed motion for protective order which was denied by this Court, that the information cannot possibly lead to the discovery of admissible evidence because it would be reversible error to introduce evidence of Plaintiff's relative wealth or poverty since such evidence would unfairly prejudice a jury (DE # 37 at 5). This argument is as unconvincing now as it was when Plaintiff first raised it five months earlier. As discussed in more detail above, financial records tending to prove that Plaintiff was capable of exerting herself at work during years in which she claims she was totally disabled are relevant and discoverable. Plaintiff's objections to these discovery requests are premature at this juncture and may be cured in the context of a motion *in limine* or via an objection at trial. The speculative misuse of requested financial materials (or any other evidence for that matter) does not render them irrelevant, and ruling to the contrary would unduly curtail the intended operation of the Federal Rules.[1]

---

[1] Plaintiff argues that, in addition to being *per se* undiscoverable, her personal financial records are doubly irrelevant because she already turned over the requested information by providing Defendant with copies of her tax returns (DE # 37 at 4). This argument is unavailing because the tax returns alone do not paint a full picture

**Even if the requested information is relevant, Plaintiff contends that Defendant must bear the additional burden of proving a "necessity" for the requested discovery that surpasses Plaintiff's privacy interest in her personal financial information (DE # 37 at 3-4). The cases cited by Plaintiff are unremarkable examples of instances in which state courts have protected the privacy rights of** *third parties* **who, but for a litigant's attempt to discover their private information, are not involved in the litigation.[2] Unlike the cases cited by Plaintiff, this case involves financial records that only implicate the privacy interests of a party litigant and are directly relevant to the subject matter of the litigation. In such a scenario, Florida law does not require this Court to apply the stark "necessity" test that Plaintiff proposes. As the Florida Supreme Court explained:**

> **[W]here [personal financial] materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party.**

*Friedman v. Heart Inst. of Port St. Lucie, Inc.*, **863 So.2d 189, 194 (Fla. 2003) (internal quotation marks and citations omitted).  See also** *Compton v. West Volusia Hospital Auth.*, **727 So.2d 379, 381 (Fla. 5th DCA 1999) ("We agree that ordinarily the financial**

---

of the claims at issue and may be clouded by the presence of deductions and the like (DE # 44 at 9-10).  While there may be some overlap between Plaintiff's tax returns and the instant discovery requests, they likely contain substantively distinctive data, and there is no indication that requesting banking data in addition to tax returns is necessarily unduly vexatious to Plaintiff.  Fed. R. Civ. P. 26(b).

[2]     See *Higgs v. Kampgrounds of America*, 526 So.2d 980 (Fla. 3d DCA 1988) (upholding County Property Appraiser's objections to producing private citizens' tax returns upon request of litigant challenging valuation of its property); *CAC-Ramsay Health Plans, Inc. v. Johnson*, 641 So.2d 434 (Fla. 3d DCA 1994) (upholding employer's objection to producing private employee personnel records upon request of litigant asserting a discrimination claim).

records of a party are not discoverable unless the documents themselves or the status which they evidence is somehow at issue in the case.").

Although Plaintiff's motion requests a protective order that would absolutely bar Defendant from discovering her financial records, she requests, for the first time in her reply brief, an alternative request that "this Court narrow the scope of Defendant's request to include only documents relevant to whether she is disabled under the policy" (DE # 46 at 5).  The Court notes that arguments raised for the first time in a reply brief are deemed waived,[3] but it is not necessary to dispose of the issue on those grounds.  It is simply not possible to narrow the scope of Defendant's document requests any further, absent specific justification.  In general, Defendant is permitted to seek financial records because they are relevant to whether Plaintiff was capable of working after the car accident, which in turn is relevant to the central factual dispute in this case – namely, whether Plaintiff was disabled in that accident.  Plaintiff has not specifically identified any particular financial materials that are not encompassed by the Federal Rules' broad definition of relevance, and based on the current state of the record before it, this Court is simply unable to fashion a discovery request that is as restrictive as Plaintiff would like it to be.

## IV.    SANCTIONS AND CONCLUSION

While the instant motion is not identical to Plaintiff's earlier motion seeking similar relief, the two motions are distinguishable by only the slimmest of margins.  Even though both motions identically assert that Plaintiff's financial documents are not relevant to the matter at hand, the instant motion contains an additional argument

---

[3]     *See Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1515-16 (S.D. Fla. 1996).

grounded on the third party privacy interests recognized under Florida state law.  While the argument is ultimately non-meritorious because that privacy interest is eroded when the requested discovery concerns materials that are directly relevant to the subject matter of the litigation, it was not wholly frivolous and Plaintiff narrowly avoided the imposition of mandatory sanctions.

This Court recognizes that, while relevant to the case at bar and thus discoverable, the financial information sought by Defendant is made up of sensitive and private documents.  Therefore, Defendant is required to ensure that information produced by the Banks pursuant to its subpoena are treated with discretion, and that they are not shared with or divulged to individual or entity for any reason outside the context of the instant litigation.  In addition, Defendant must provide Plaintiff with copies of any responsive documents provided to it by the Banks pursuant to its subpoenas, and Plaintiff may seek further relief, if necessary, by filing an appropriate motion with this Court after conferring with opposing counsel in an attempt to resolve the dispute.

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that Plaintiff's motion for protective order (DE # 37) and to quash subpoena for records (DE # 38) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Miami, Florida, on January 31, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**All counsel of record**