**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-20336-CIV-HUCK/SIMONTON**
**CONSENT CASE**

**SUSAN SOCAS,**

    **Plaintiff,**

**v.**

**NORTHWESTERN MUTUAL LIFE**
**INSURANCE COMPANY,**

    **Defendant.**

_____/

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT AND**
**ON DEFENDANT'S CROSS-MOTION TO COMPEL DISCLOSURE**

      Presently pending before the Court are Plaintiff's Motion To Exclude Expert

Report and Testimony of Charles E. Newman, CPA (DE # 108), Defendant's Cross-Motion

To Compel Disclosure of Withheld Responsive Documents and For Sanctions (DE # 116),

and Defendant's Request For an Evidentiary Hearing on the motions (DE # 117).

Pursuant to the consent of the parties, this case is referred to the undersigned

Magistrate Judge for final disposition (DE # 13).  These motions are ripe for disposition

(DE ## 128, 133).  For the reasons stated in this Order and based upon a careful review

of the record, Plaintiff's Motion is denied without prejudice, Defendant's motion to

compel is granted, and Defendant's motion for sanctions is denied.  Defendant's request

for an evidentiary hearing is denied as moot.

    **I.  Background**

      According to the Complaint, Plaintiff, Susan Socas (hereafter Dr. Socas), is a

dentist who purchased five disability insurance policies from Defendant, The

Northwestern Mutual Life Insurance Company (hereafter Northwestern).  On September

6, 1995, Dr. Socas was involved in a car accident which, she alleges, rendered her totally

disabled.  Northwestern denied her claim for benefits in 2005 and, consequently, Dr. Socas filed this lawsuit, claiming that Northwestern breached the relevant insurance contracts (DE # 1).

On or about September 4, 2008, Defendant's expert witness, Charles E. Newman, C.P.A. (hereafter Newman), prepared his expert report (Ex. A to DE # 108).  On December 8, 2008, Plaintiff took Newman's deposition (Ex. F to DE # 108).

The instant motions followed.

II.  The Parties' Positions

A.  Plaintiff's Motion

Plaintiff moves, pursuant to *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), to exclude the portions of Newman's expert report and his opinions concerning Dr. Socas' purported violations of IRS Code Sec. 162(a) as based upon an unreliable methodology and as more unduly prejudicial than probative.  Specifically, Plaintiff objects that Newman's opinion that Dr. Socas improperly classified some credit card charges as a business expense is unreliable because Newman speculated which charges on Dr. Socas' credit card statements matched up with the dollar amounts for deductions listed in Dr. Socas' QuickBooks General Ledger (DE # 108).

B.  Defendant's Response and Cross-Motion To Compel

Initially, Defendant notes that Plaintiff seeks to exclude only a portion of Newman's report and testimony (DE # 116 at 1-2).  Defendant then argues that Plaintiff's motion is meritless because Newman's opinion is reliable, in that Plaintiff does not show how a different permutation of Dr. Socas' credit card charges could be reconciled with the dollar amounts for deductions listed in Dr. Socas' QuickBooks General Ledger.

Defendant contends that Plaintiff's objections to Newman's report go to the weight which the report should be given, and not to its admissibility (DE # 116 at 2, 4-7).

Defendant then moves to compel Dr. Socas to produce her backup documents which indicate how Dr. Socas designated her credit card charges, and for leave to allow Newman to review the information and amend his expert report as needed.  Defendant contends that Plaintiff's motion to strike is based upon the fact that Dr. Socas did not produce to Defendant documents in her possession which had previously been requested (DE # 116 at 2-3, 7-11).   Defendant also ask for appropriate sanctions for Plaintiff's failure to comply with her discovery obligations and the Court's prior orders (DE # 116 at 11).

C.  <u>Plaintiff's Reply and Response To Defendant's Cross-Motion</u>

Plaintiff replies that Newman's methodology is unreliable (DE # 128 at 1-3). Plaintiff also contends that Defendant's cross-motion is meritless because Defendant never requested Dr. Socas' annotated credit card statements (DE # 128 at 3-6).

D.  <u>Defendant's Reply</u>

In its reply, Defendant reiterates that this Court had repeatedly ordered Plaintiff to disclose all background information responsive to Defendant's discovery requests. Defendant also notes that it had repeatedly requested all backup information related to Plaintiff's QuickBooks annual ledgers (DE # 133).

III.  <u>Analysis</u>

Based upon a review of the record as a whole, it appears to the Court that Plaintiff should have produced her annotated credit card statements to Defendant in response to this Court's March 4, 2008 Order, which stated "Plaintiff is required to produce *all* records that are responsive to Request No. 9 (DE # 59 at 9, emphasis in original).

Moreover, the undersigned agrees with Defendant that Defendant repeatedly requested all backup documentation for Plaintiff's QuickBooks annual ledgers, including, specifically, the annotated credit card statements.  *See* DE # 116 at 7-11.  However, at this time, the undersigned is more interested in assuring that Plaintiff fully complies with her discovery obligations than with assigning blame for any failure to produce.  The trial had been continued without a date, and, thus, there is time to solve this discovery problem.

Therefore, Defendant's motion to compel is granted as follows:  On or before November 2, 2009, Plaintiff must produce to Defendant all backup documentation responsive to Defendant's Request Number 9, including, but not limited to, all backup documentation for Plaintiff's QuickBooks General Ledger, but especially Plaintiff's annotated credit card statements.  On or before December 4, 2009, Newman may review the information and amend his expert report as needed.  On or before January 8, 2010, Plaintiff, at her expense, may redepose Newman.

Plaintiff's motion is denied without prejudice to renew after Newman has filed his amended expert report and after Plaintiff has redeposed Newman, if she chooses to do so.

At this time, the undersigned will not sanction Plaintiff for her failure to produce her annotated credit card statements to Defendant.  Therefore, Defendant's motion for sanctions, which did not request any specific sanction, is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that: 1) Plaintiff's Motion To Exclude Expert Report and Testimony of Charles E. Newman, CPA (DE # 108), is **DENIED without prejudice to renew**; 2) Defendant's Cross-Motion To Compel Disclosure of Withheld

Responsive Documents (DE # 116), is **GRANTED as stated in the body of the motion**; 3) Defendant's Motion For Sanctions (DE # 116), is **DENIED**; and 4) Defendant's Request For an Evidentiary Hearing on the motions (DE # 117), is **DENIED as moot**.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 14, 2009.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
All counsel of record